UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: _____

RAVEN WALES-WALDEN,

       Plaintiff,

v.

AK "N" ELI, LLC d/b/a KING OF DIAMONDS, a Florida Limited Liability Company; KODRENYC, LLC, a Florida Limited Liability Company; ELLIOT "ELI" KUNSTLINGER, an individual; BRIAN ABRAHAM, an individual; AKIVA "AK" FEINSOD, an individual; and, AKINYELE ADAMS, an individual;

       Defendants.

## COMPLAINT

Plaintiff, RAVEN WALES-WALDEN ("Wales" or "Plaintiff"), sues the Defendants, AK "N" ELI, LLC d/b/a KING OF DIAMONDS, a Florida Limited Liability Company ("AK"); KODRENYC, LLC, a Florida Limited Liability Company ("KODRENYC"); ELLIOT "ELI" KUNSTLINGER, an individual ("Kunstlinger"); BRIAN ABRAHAM, an individual ("Abraham"); AKIVA "AK" FEINSOD, an individual ("Feinsod"); and, AKINYELE ADAMS, an individual ("Adams") (collectively the "Defendants") and alleges as follows:

### NATURE OF ACTION

1. This is an action to recover money damages for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("the Act") and for unpaid wages under Florida common law and Fla. Stat. § 448.08.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4), 28 U.S.C. § 2617 and 29 U.S.C. § 216.

3. The Court has supplemental jurisdiction over the state law unpaid wages claims because the facts regarding Plaintiff's state law claims are so related to the Federal claims that they form part of the same case or controversy.

4. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Wales occurred within this judicial district and because Defendants have its principal place of business within the district, reside in the judicial district and because the employment records of Wales are stored or have been administered, in Miami-Dade County.

## PARTIES

5. At all times material, Wales was and is a resident of Miami-Dade County, Florida.

6. At all times material, Wales was a covered employee for purposes of the Act.

7. At all times material, Defendants owned and operated "King of Diamonds," a gentleman's club located in Miami.

8. AK is a Florida Limited Liability Company, having its main place of business in Miami-Dade County, Florida, and is an "employer" as defined by the Act.

9. KODRENYC is a Florida Limited Liability Company having its main place of business in Miami-Dade County, Florida and is an "employer" as defined by the Act.

10. AK and KODRENYC (the "Corporate Defendants") share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. The Corporate Defendants are an integrated enterprise. Alternatively, each company is an enterprise under the Act.

11. The Corporate Defendants also share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. Corporate Defendants are joint employers. Alternatively, each company is an enterprise under the Act.

12. Kunstlinger, upon information and belief, customarily visits and works in Miami-Dade County, Florida. Kunstlinger is a corporate officer and/or owner and/or manager of the place of business known as "King of Diamonds." Upon information and belief, Kunstlinger is also an officer and/or owner and/or manager of Corporate Defendants. Kunstlinger ran the day-to-day operations of "King of Diamonds" for Wales' period of employment ("the relevant time period") and had the power to hire and fire employees; determine salaries; was responsible for paying Wales' wages and controlled Wales' work and schedule; decided if employees of the club were paid or not; issued disciplinary warnings and directly supervised all employees, including Wales; maintained employment records and was an individual who showed other signs of operational control over significant aspects of "King of Diamonds'" day-to-day functions during the relevant time period and was therefore, Wales' employer as defined by 29 U.S.C. 203(d).

13. Abraham, upon information and belief, resides in Miami-Dade County, Florida. Abraham is a manager of "King of Diamonds." Upon information and belief, Abraham is also an officer and/or owner and/or manager of Corporate Defendants. Abraham ran the day-to-day operations of "King of Diamonds" for the relevant time period, had the power to hire and fire employees, was responsible for paying Wales' wages and controlled Wales' work and schedule, issued disciplinary warnings and directly supervised all employees, including Wales and was therefore, Wales' employer as defined by 29 U.S.C. 203(d).

14. Feinsod, upon information and belief, resides in Miami-Dade County, Florida. Feinsod is a corporate officer and/or owner and/or manager of the place of business known as "King of Diamonds." Upon information and belief, Feinsod is also an officer and/or owner and/or manager of Corporate Defendants. Feinsod ran the day-to-day operations of "King of Diamonds" for the relevant time period and had the power to hire and fire employees; determine salaries; maintained employment records and was an individual who showed other signs of operational control over significant aspects of "King of Diamonds'" day-to-day functions and was therefore, Wales's employer as defined by 29 U.S.C. 203(d).

15. Adams, upon information and belief, resides in Miami-Dade County, Florida. Adams is a manager of "King of Diamond." Upon information and belief, Adams is also an officer and/or owner and/or manager of Corporate Defendants. Adams ran the day-to-day operations of "King of Diamonds" for the relevant time period, had the power to hire and fire employees, was responsible for paying Wales' wages and controlled Wales' work and schedule, issued disciplinary warnings and directly supervised all employees, including Wales and was therefore, Wales' employer as defined by 29 U.S.C. 203(d).

**COUNT I: WAGE AND HOUR FEDERAL STATUTORY VIOLATION BY *PLAINTIFF* AGAINST *THE CORPORATE DEFENDANTS***

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 above as if set out in full herein.

17. This action is brought by Plaintiff and those similarly situated to recover from Corporate Defendants unpaid overtime compensation as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and also under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states: "No employer shall employ any of his employees … for a work week longer than 40

hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

18. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Corporate Defendants are and, at all times pertinent to this complaint, were engaged in interstate commerce. At all times pertinent to this complaint, Corporate Defendants operate as organizations which sell and/or market their services and/or goods to customers from throughout the United States and also provide their services for goods sold and transported from across state lines of other states, and Corporate Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees. Upon information and belief, the annual gross revenue of Corporate Defendants was at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

19. By reason of the foregoing, Corporate Defendants are and were, during all times hereafter mentioned, enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff, and those similarly situated, was/were and/or is/are engaged in interstate commerce for Corporate Defendants. Corporate Defendants' business activities involve those to which the Act applies. Corporate Defendants are car wash businesses and, through their business activity, affect interstate commerce. Plaintiff's work for Corporate Defendants likewise affects interstate

commerce. Plaintiff was employed by Corporate Defendants as an assistant manager/office clerk for Corporate Defendants' business.

20. While employed by Corporate Defendants, Plaintiff routinely worked in excess of 40 hours per week without being compensated at a rate of not less than one and one half times the regular rate at which she was employed. Plaintiff was employed as an assistant manager/office clerk, performing the same or similar duties as that of those other similarly situated assistant managers/office clerks whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

21. Plaintiff was paid approximately $17.86 per hour and she worked approximately 70 hours per week. However, Corporate Defendants never properly compensated Plaintiff at the overtime rate required by law. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years preceding the date of the filing of this complaint.

22. Plaintiff worked for the Corporate Defendants from November of 2011 until February of 2015.

23. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of her unpaid overtime wages is as follows:

   a. **$17.86 x .5 = $8.92 x 30 x 54 (compensable weeks) = $14,464.29 (actual damages)**

   b. **$14,464.29 (liquidated damages)**

   c. **$28,928.57 (total unpaid damages), plus attorney's fees and costs.**

24. At all times material hereto, the Corporate Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those

similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Corporate Defendants to properly pay them at the rate of time and one half for all hours worked in excess of 40 hours per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Corporate Defendants who are and who were subject to the unlawful payroll practices and procedures of Corporate Defendants and were not properly paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of 40 per week.

25. Corporate Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with Corporate Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. Corporate Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime wages.

26. Corporate Defendants willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Corporate Defendants as set forth above.

27. Corporate Defendants willfully and intentionally failed to keep records of all hours worked by Plaintiff and of all payments made to Plaintiff pursuant to the Act and the Code of Federal Regulations.

28. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against Corporate Defendants on the basis of Corporate Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty per week, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

PLAINTIFF and those similarly situated demand trial by jury of all issues triable as of right by jury.

### COUNT II: WAGE AND HOUR FEDERAL STATUTORY VIOLATION BY *PLAINTIFF* AGAINST *THE INDIVIDUAL DEFENDANTS*

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 above as if set out in full herein.

30. Kunstlinger, Abraham, Feinsod, and Adams (the "Individual Defendants") were, and are now, the President/Officers/Directors/Managers and/or owners of Corporate Defendants. Individual Defendants were employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act in that Individual Defendants acted directly in the interests of Corporate Defendants in relation to their employees, including Plaintiff and others similarly

situated. Individual Defendants had operational control of the businesses and are jointly and severally liable for Plaintiff's damages.

31. Individual Defendants were and are, at all times relevant, persons in control of Corporate Defendants' financial affairs and could cause Corporate Defendants to compensate (or not to compensate) their employees in accordance with the Act.

32. Individual Defendants willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the law of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Corporate Defendants as set forth above.

33. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated, and against Individual Defendants on the basis of the Individual Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest plus reimbursement of expenses; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

PLAINTIFF and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT III: UNPAID WAGES UNDER FLORIDA COMMON LAW AND SECTION 448.08, FLORIDA STATUTES

34. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 above as if set out in full herein.

35. Defendants employed Plaintiff from approximately November of 2011 through February of 2015.

36. Defendants employed Plaintiff as an assistant manager/office clerk and contracted with Plaintiff to pay her $150 per night on Mondays and Saturdays; $100 per night on Thursdays and Fridays; and $750 per week to work day shifts (approximately $1,250 per week in total).

37. All the hours worked by Plaintiff were worked within the State of Florida.

38. During her employment and within 4 years from the filing of this lawsuit, Defendants failed to pay Plaintiff at least $6,700 in wages.

39. As a result, Plaintiff has been damaged.

40. Defendants owe Plaintiff her wages earned under Florida common law and attorneys' fees and costs incurred pursuing this action under Florida Statutes, Section 448.08, should the Plaintiff prevail on this claim.

41. Plaintiff has retained undersigned counsel to represent her in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

**WHEREFORE**, Plaintiff respectfully requests this Court grant the following relief:

A. An award to Plaintiff of actual damages in the amount shown to be due for unpaid wages, with interest;

B. Costs of this action, together with reasonable attorneys' fees;

C. Such other and further relief as this Court deems equitable and just.

Dated: February 20, 2017.

By: /s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
