UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-20658-CIV-UNGARO/O'SULLIVAN

RAVEN WALES-WALDEN,

    Plaintiff,

v.

AK "N" ELI, LLC d/b/a KING OF
DIAMONDS; ELLIOT "ELI"
KUNSTLINGER; BRIAN ABRAHAM;
AKIVA "AK" FEINSOD; and AKINYELE
ADAMS (et.),

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Plaintiff's Motion and Incorporated Memorandum of Law in Support of Her Bill of Costs Pursuant to 29 U.S.C. § 216(B) and Local Rule 7.3 (DE # 41, 8/23/17). This matter was referred to the undersigned pursuant to 28 U.S.C. §636(c), by the Honorable Ursula Ungaro, United States District Court Judge for the Southern District of Florida. Having reviewed the applicable filings and the law, the undersigned respectfully RECOMMENDS that the Plaintiff's Motion and Incorporated Memorandum of Law in Support of Her Bill of Costs Pursuant to 29 U.S.C. § 216(B) and Local Rule 7.3 (DE # 41, 8/23/17) be **DENIED** in accordance with the following Report and Recommendation.

## ANALYSIS

On June 5, 2017, the plaintiff filed a Notice of Acceptance of Defendants' Offer of Judgment (DE # 33, 6/5/17). The plaintiff filed a copy of the Offer of Judgment on

June 28, 2017. Importantly, the offer of judgment stated as follows:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendants, AK N Eli, LLC d/b/a King of Diamonds and Elliot Kunstlinger, hereby offer to allow Judgment to be entered against them, jointly and severally, on all counts in the Complaint, in the amount of Five Thousand Dollars and No Cents ($5,000.00), representing Two Thousand Five Hundred Dollars and No Cents ($2,500.00) in alleged unpaid overtime wages and Two Thousand Five Hundred Dollars and No Cents ($2,500.00) in alleged liquidated damages; **but excluding any reasonable attorney's fees and costs, which will be determined by the Court upon timely motion**. . . .

Offer of Judgment (DE# 36-1) (emphasis added).

On September 20, 2017, the plaintiff filed Plaintiff's Renewed Motion for Entry of Judgment with Incorporated Memorandum of Law (DE# 39, 7/20/18). Throughout the motion, the plaintiff repeatedly stated her intent to move for fees and costs once the Court entered the final judgment. Id. at 1 ("Once judgment has been entered, Plaintiff can then move forward with her requests for Approval of FLSA Settlement and Attorney's Fees."); id. at 2 ("The Offer of Judgment only set out the amount of wages and liquidated damages Plaintiff would be entitled to, and did not contemplate the attorney's fees to which Plaintiff's counsel would be entitled."); id. ("an agreed upon sum as payment for allegedly owed unpaid wages ($2,500), plus payment of liquidated damages ($2,500) with attorney's fees to be decided by this Court at a later date."); id. at 3 ("The Offer of Judgment clearly states that the amount of attorney's fees is to be determined by this Court (D.E. # 33)."); id. ("Upon entry of Judgment, Plaintiff will then seek fees and costs pursuant to Rule 7.3 and approval of the overall settlement of this FLSA action."); id. ("Plaintiff requests that this Court enter judgment against the KOD Defendants in the amount of $5,000 so that Plaintiff may move forward with her application for attorney's fees and approval of the FLSA settlement."); id. at 4 ("After

entry of judgment, Plaintiff will then submit a detailed account of fees, time spent in the case, and proof of costs incurred, pursuant to Local Rule 7.3. At that point in time, the Court may use its discretion in analyzing and ruling upon Plaintiff's accounting of fees and costs."); id. ("Plaintiff respectfully requests that the Court retain jurisdiction in order to determine fees and costs, and enforce post-judgment collection proceedings should they become necessary."); id. ("Plaintiff respectfully requests that this Court enter a Judgment in accordance with Rule 68(a) dismissing this lawsuit with prejudice, and retaining jurisdiction to determine Plaintiff's fees and costs").

Despite the language of the Offer of Judgment (DE# 36-1) and the plaintiff's clear intent to move for attorney's fees and costs at a later date, the proposed judgment submitted by the plaintiff — the one the Court ultimately executed – stated that the Offer of Judgment was inclusive of attorney's fees and costs:

> Final Judgment is ENTERED in favor of RAVEN WALES-WALDEN and against AK "N" ELI, LLC d/b/a KING OF DIAMONDS, and ELLIOT "ELI" KUNSTLINGER. AK "N" ELI, LLC d/b/a KING OF DIAMONDS and ELLIOT "ELI" KUNSTLINGER are hereby liable to RAVEN WALES-WALDEN **in the total amount of $5,000.00, for any and all** statutory, actual, compensatory and punitive damages and interests available under 18 U.S.C. § 2520(b), Florida Statutes § 934.10, **attorney's fees, costs** and/or any and all common law claims for liability and/or damages raised in Plaintiffs Complaint, for which let execution issue.

Final Judgment (DE# 40 at 1) (emphasis added). To date, the plaintiff has not moved to correct the judgment pursuant to Fed. R. Civ. P. 60 or any other procedural rule.[1]

It seems clear to the undersigned that the parties did not intend the amount of

---

[1] The undersigned does not opine on whether the plaintiff will be successful on a Rule 60 motion to correct the Final Judgment as that issue is not before the Court.

the Offer of Judgment (DE# 36-1) to include attorney's fees and costs and that the plaintiff intended to submit fees and costs to the Court at a later date. It is also clear that the language of the Final Judgment states that the $5,000.00 amount includes attorney's fees and costs. Final Judgment (DE# 40 at 1). The Court must look to the language of the Final Judgment in this case which was submitted to the Court by the plaintiff. At this time, the text of the Final Judgment precludes an award of attorney's fees and costs. See In re Mahoney, 251 B.R. 748, 754 (Bankr. S.D. Fla. 2000) (noting that "[j]udgments are to be construed like other written instruments. Where the language of a judgment is clear and unambiguous, the reviewing court must adopt, and give effect to the plain meaning of the judgment....") (citation and internal quotation marks omitted); In re Kraz, LLC, 539 B.R. 887, 892 (Bankr. M.D. Fla. 2015) (looking to plain language of judgment to determine whether party was entitled to accrued interest).

The defendants also argue that the motion for costs is untimely because it was filed more than thirty days from July 21, 2017, the day the defendants assert the Court entered the Final Judgment (DE# 40). Response at 2. Local Rule 7.3(c) states that "[a] bill of costs pursuant to 28 U.S.C. § 1920 shall be filed and served within thirty (30) days of **entry** of final judgment or other appealable order that gives rise to a right to tax costs under the circumstances listed in 28 U.S.C. § 1920." S.D. Fla. 7.3(c) (emphasis added). In the instant case, the Final Judgment was signed on July 21, 2017, but was not entered on the docket until July 24, 2017. See In re Pac. Forest Prod. Corp., 335 B.R. 910, 916 (S.D. Fla. 2005) (stating that "an order is entered when it appears on the clerk's docket"). Therefore, the instant motion for costs was timely filed within the 30-day window.

4

## **RECOMMENDATION**

In accordance with the foregoing, the undersigned respectfully recommends that the Plaintiff's Motion and Incorporated Memorandum of Law in Support of Her Bill of Costs Pursuant to 29 U.S.C. § 216(B) and Local Rule 7.3 (DE # 41, 8/23/17) be **DENIED**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Ursula Ungaro, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this **22nd** day of February, 2018.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Ungaro
All Counsel of Record